MARY T. GOGGIN *vs.* JOHN T. GOGGIN.

JANUARY 13, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

FLYNN, C. J. This cause is before us on the respondent's motion "that complainant's appeals be dismissed for

cause." The first decree in question was entered in the Superior Court, after a hearing on the merits, by a justice in equity. It denied and dismissed the bill of complaint brought to restrain proceedings under an action at law of trespass and ejectment, and for other relief.

The complainant duly filed her claim and reasons of appeal therefrom. Subsequently, upon the motion of the respondent, the same justice, on June 5, 1936, ordered the complainant to file a bond with surety to guarantee payment of the rent of the premises occupied by her, pending final determination of the cause. An order, which was described therein as a decree, was accordingly entered, from which the complainant also filed her claim and reasons of appeal. Later, on hearing upon the allowance of the transcript of evidence, the same justice made the following explanatory notation: "Allowed June 26, 1936, although the complainant has not complied with the order to file a bond." This referred to the transcript filed with the complainant's appeal from the decree of June 5, 1936, ordering the filing of said bond. On September 8, the transcript relating to complainant's appeal from the decree of April 24, 1936, deciding the cause upon its merits, was allowed with substantially the same explanatory notation as above.

The respondent contends that the filing by the complainant of the bond, as ordered, was a condition precedent to the entry of both appeals in this court. Neither of the decrees, from which an appeal was taken, contains any language making the filing of the bond expressly a condition for the entry of the appeal. The language used, in the allowance of the transcripts, as above, submits to a contrary construction. Apparently, the trial justice gave the complainant an opportunity to have her appeals entered notwithstanding her failure to file the bond in order to protect any possible rights she might have had if her appeal was sustained. This is more understandable from the fact that the complainant was claiming an appeal also

from the decree ordering her to file said bond. Consequently, we cannot say that the failure of the complainant to file the bond necessarily, in the present circumstances, prevented the *entry* of her appeals, if the other statutory conditions were fulfilled.

Under the provisions of General Laws, 1923, Chapter 339, Secs. 25 to 28 inclusive, it appears that an appeal is entered in this court immediately upon the filing of claim and reasons of appeal from a decree and the allowance of the transcript. These conditions apparently were fulfilled by the complainant and the appeal was entered in this court immediately upon the allowance of the transcript.

Even if the complainant has the right to have entered her appeal from the order requiring her filing of the bond, a question which was not argued by counsel and which we do not at this time decide, the specific provisions of General Laws, 1923, Chapter 339, Sec. 28, apparently make the order appealed from subject to our modification or annullment to protect the rights of the parties pending final determination. The pertinent portions read as follows: "When an appeal has been entered as aforesaid, the cause shall thereupon be pending in the supreme court. The justice of the superior court who made the decree appealed from . . . may make such orders for injunction, giving bond, . . . and such other orders as are needful for the protection of the rights of the parties until the appeal shall be heard and determined by the supreme court, subject, however, to be modified or annulled by the order of the supreme court upon motion after the appeal is entered therein."

This section seems to have been designed for just such a case as is presented here. It apparently gives ample authority to a justice in equity to order a bond of this character. In the instant case, it would substantially nullify the plain purpose of the statute if the complainant could have a hearing and final determination of these appeals without ever complying with the order requiring

her to file a bond. If our final decision should deny her appeals, she would have had all of the benefits thereof without doing what this statute and order seem plainly to require, thus depriving the respondent unjustly of the security which they were designed to give.

Consequently, while we cannot say in the present circumstances that her failure to file the bond necessarily prevented the *entry* of her appeals, we are of the opinion that the terms of the above statute, and justice between the parties, require the filing of that bond as ordered, before she can obtain a hearing or determination of these appeals.

The record shows that the complainant is now in contempt of the Superior Court by reason of her noncompliance with its order of June 5, 1936, requiring her to file a bond with surety. The cause is now assigned for hearing upon the complainant's appeals to January 18, 1937. If, on January 18, 1937, the complainant is still in contempt therefor, and just cause for such noncompliance has not been shown to us, the respondent may renew his motion on the date set for hearing, and the motion will be granted. If the complainant on that date is not in contempt as aforesaid, the respondent's motion will be denied.

For the reasons stated, and subject to the terms above set forth, the respondent's motion to dismiss, at this time, is denied.

*Emile H. Ruch, Charles B. Coppen,* for complainant.

*Quinn, Kernan & Quinn, Michael De Ciantis,* for respondent.